954 F.2d 734
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronnie A. JONES, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 91-3566.
 United States Court of Appeals, Federal Circuit.
 Jan. 22, 1992.
 
 Before NIES, Chief Judge, and PAULINE NEWMAN and MAYER, Circuit Judges.
 DECISION
 PER CURIAM:
 
 
 1
 Ronnie A. Jones petitions for review of the Merit Systems Protection Board decision, Docket No. SF07529110134, affirming Jones' removal by the Department of the Navy. We affirm.
 
 DISCUSSION
 
 2
 Jones was removed from his position as Motor Vehicle Operator with the Navy on October 12, 1990 after being charged with carelessly dispensing fuel from a fuel truck at a Navy dry dock resulting in a fuel spill into the San Diego Bay. The Board upheld the Navy's removal of Jones.
 
 
 3
 In his informal brief,[1] Jones argues that a malfunctioning of the fuel gauge led to the fuel spill not his "failure to watch the fuel gauge." However, the Administrative Judge determined that Jones' testimony before the Board "evidences a complete lack of candor" and was "implausible, unsupported and in conflict with the documentary evidence of record." Credibility determinations by the Board are "virtually unreviewable." Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). Moreover, the decision to remove Jones was based upon his intentional failure to report the fuel spill to his supervisor as well as his negligence in overfilling the fuel tank. Jones also argues that the Navy "failed to prove each and every element of the charge against the employee." However, the charge against Jones is well documented in the record.
 
 
 4
 We review the MSPB's decision under a very narrow standard,[2] affirming the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988); Covington v. Department of Health and Human Servs., 750 F.2d 937, 941 (Fed.Cir.1984). We discern no error in the Board's decision.
 
 
 
 [1]
 Jones moves for leave to file a corrected informal brief. The motion is granted
 
 
 [2]
 The decision must be reviewed on the evidence in the record. Jones moves for delay of the case "for reply from Administrative Judge Lanell Anderson of her knowledge of the fuel gauge malfunction." This motion is improper and is denied